UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00081-REB-CBS

ERICA HOFFMAN, GARY HOFFMAN and SANDRA HOFFMAN, individually,

Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation;
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware corporation,

Defendants.

## AMENDED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford") and TRW Vehicle Safety Systems Inc. ("TRW VSSI") in this action, it is ordered that:

1. Documents to be produced by Ford and TRW VSSI in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Confidential" shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, electronic data, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise.

3. The burden of proving that a Protected Document contains confidential information is on Ford or TRW VSSI. Prior to designating any

material as "Confidential," Ford and TRW VSSI must make a *bona fide* determination that the material is, in fact, a trade secret or other confidential information, the dissemination of which would damage the competitive position of the Ford or TRW VSSI. If a party disagrees with the "Confidential" designation of any document, the party will so notify Ford or TRW VSSI in writing. The parties will then confer and attempt in good faith to resolve the dispute. If no resolution can be reached, the matter will be submitted to the Court for resolution in a manner consistent with the discovery dispute procedures outlined to the parties by Magistrate Shaffer at the scheduling conference of this case. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Confidential" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation of and for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties and the parties;

    b.    Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c.    Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford and TRW VSSI;

    d.    The Court, the Court's staff, witnesses, and the jury in this case; and

    e.    Attorneys and their non-technical and clerical staff, and the experts and consultants retained by those attorneys, in other cases pending against Ford and TRW VSSI involving allegations of alleged defect of the same buckle that is at issue in this litigation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford or TRW VSSI.

7.    Before receiving access to any Protected Document, or the information contained therein, each person described in paragraphs 6(a), 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received Protected Documents for inspection by the Court and, upon order of the Court, counsel for Ford and TRW VSSI.

8.  Before the individuals described in Paragraph 6(e) may be provided Protected Documents, counsel for plaintiff must give ten (10) days notice of their intent to provide the documents to Ford or TRW VSSI. The notice shall contain a disclosure of the name of the attorneys to whom the Protected Documents will be provided and the name, case number and jurisdiction of the subject pending case. If no objection is made, the Protected Documents may be sent to such attorney. If there is objection, the reasons therefore must be stated in writing. If the parties are unable to resolve disputes concerning such objections, the matter will be submitted to the Court for resolution in a manner consistent with the discovery dispute procedures outlined to the parties by Magistrate Shaffer at the scheduling conference of this case.

9.  To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information. *Ford & TRW must designate*

10.  All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Confidential – Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of

4

the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

11. Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all confidential information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. Nothing in this Order shall be deemed to control the manner in which the Protected Documents should be handled at Trial or on Appeal. That matter shall be decided at a later date.

13. Inadvertent or unintentional production of documents or information containing information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

14. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. After termination of this litigation, all persons described in Paragraph 6(a), 6(b) and 6(c) shall return all copies of Protected Documents to Ford or TRW VSSI. All persons described in Paragraph 6(e) shall return all

copies of Protected Documents to Ford or TRW VSSI at the termination of the litigation for which they received Protected Documents.

16. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. All persons described in paragraph 6 above shall not under any circumstance sell or offer for sale either the Protected Documents or the confidential information contained therein. This Paragraph does not prohibit disclosure of the fact that Protected Documents are possessed (as distinguished from disclosure of the substance of such documents) to potential Qualified Persons so long as the provisions of this Protective Order are complied with fully prior to disclosure of the actual Protected Documents or confidential information.

Dated:_____

_____
DISTRICT COURT JUDGE

DATED at Denver, Colorado, this 26th day of June, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 07-cv-00081-REB-CBS

ERICA HOFFMAN, GARY HOFFMAN and SANDRA HOFFMAN, individually,

Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation;
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware corporation,

Defendants.

## WRITTEN ASSURANCE

Affidavit of _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the statements herein are true and correct:

1.

I have read the Protective Order attached hereto and I understand its terms and meanings.

2.

I am currently involved as a _____ representing _____ in litigation pending against Ford or TRW VSSI in _____.
                                    [case name and jurisdiction]

9

3.

I submit, by my signature below, to the jurisdiction of the United States District Court for the District of Colorado in which the action of *Hoffman v. Ford Motor Company, et al.*, Case No. 07-cv-00081-REB-CBS is pending. Further, I agree to be bound by the provisions of the Protective Order, and to all promises undertaken in the Order, as if originally agreed to by me.

Further Affiant sayeth not.

This \_\_\_\_ day of _____, _____.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, _____.

_____
NOTARY PUBLIC

My Commission Expires: