UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00081-REB-CBS

ERICA HOFFMAN,
GARY HOFFMAN and
SANDRA HOFFMAN,
Individually,

   Plaintiffs,

v

FORD MOTOR COMPANY, a Delaware corporation;
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware
corporation,

   Defendants

## ~~PROPOSED~~ ORDER

Pursuant to the agreement reached between Erica Hoffman, Gary Hoffman and Sandra Hoffman, ("Plaintiffs") and Defendant TRW Vehicle Safety Systems Inc ("TRW"), TRW shall produce to counsel for Plaintiffs, on or before September 28, 2007, to the extent such documents or information exists and is not protected from discovery by the attorney-client privilege or the work product doctrine, the following 8 categories of documents and information related to the vehicles listed in Exhibit A to this order in the possession of TRW or Quality Safety Systems, Inc. ("QSS" This Order does not change or alter the obligations of TRW to produce documents either previously agreed to and/or Ordered by the Court. Further, it does not alter the parties' continuing obligation to supplement discovery responses under the Federal Rules

Agreement to this proposed order by Plaintiffs and TRW does not constitute any admission or statement by TRW as to the general discoverability or admissibility at trial of any

documents or information described herein. Plaintiffs have filed a motion to compel documents in this Court which is being withdrawn as to TRW as part of the compromise. The agreement to this proposed order by Plaintiffs and TRW does not constitute any admission or statement as to the merits of that motion to compel.

> A list of each incident known to TRW in which a vehicle listed in Exhibit A has been involved in any type of collision, which includes rollover accident, and it has been alleged that a buckle became inertially unlatched, and for each such incident, the following information, if known:
> (1) The date and place of the collision, which includes rollover accident;
> (2) The date that TRW learned of the event and the method by which TRW learned of the event, if known;
> (3) The make, model and year of the vehicle;
> (4) The "seatbelt buckle model" used in such vehicle;
> (5) The names and addresses of those persons who allegedly suffered injury as the result of the buckle unlatching, and for each person state:
>     (a) The seating of such person in the vehicle;
> (6) Whether a claim for damages was made against TRW, and if so provide the following information:
>     (a) Names and addresses of claimants' counsel;
>     (b) Whether or not the case was settled or tried, or any other disposition of the case;
>     (c) If the case was tried, the amount a jury awarded against TRW, if any, for
>         (i) actual damages; and
>         (ii) punitive damages.
>     (d) The Court in which any lawsuit was filed and the style of the case, including the Civil Action Number and date of filing.

2. Any internal email, memoranda or documents discussing inertial unlatch or the potential for inertial unlatch in any of the vehicles listed in Exhibit A.

3. Any customer complaints or claims concerning any of the vehicles listed in Exhibit A regarding inertial unlatch.

4. Any correspondence, e-mails or communications between Ford and TRW concerning any of the vehicles listed in Exhibit A relating to inertial unlatch or the potential for inertial unlatch in any of the vehicles listed in Exhibit A.

5. Any engineering or other TRW documents relating to inertial unlatch in any vehicle listed in Exhibit A.

6. Any warranty claims concerning any of the vehicles listed in Exhibit A relating to inertial unlatch.

7. Any documents discussing safer alternative designs for any of the vehicles listed in Exhibit A relating to inertial unlatch.

8. Any test where there was an inertial unlatch of any buckle in any vehicle listed in Exhibit A either in the lab or otherwise.

No extensions beyond the date set forth in this Order for production will be requested by TRW. As part of this compromise, Plaintiffs and TRW will waive any attorney fees and expenses that may have been awarded with respect to Plaintiffs motion to compel if that motion had been decided by the court. Plaintiffs and TRW retain the right to seek such fees and costs in the event the other party fails to meet its obligations under the agreement. TRW shall provide sworn verification of its compliance with this order in the form of attached Exhibit B.

Dated September 10, 2007

So Ordered,

Magistrate Judge Craig B. Shaffer