IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00081-REB-CBS

ERICA HOFFMAN,
GARY HOFFMAN, and
SANDRA HOFFMAN, individually,

    Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation, and
TRW AUTOMOTIVE SAFETY SYSTEMS, INC., a Delaware corporation,

    Defendants.

## ORDER DENYING DEFENDANTS' JOINT MOTION TO BIFURCATE TRIAL

**Blackburn, J.**

The matter before me is **Defendants' Joint Motion To Bifurcate Trial** [#204] filed February 13, 2009. I deny the motion.

Pursuant to Fed.R.Civ.P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." ***Green Construction Co. v. Kansas Power & Light Co.***, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted). Bifurcation of damages issues from liability issues is appropriate when:

> (1) [the] issues are substantially separate and distinct; (2) bifurcation reduces the burden of preparation for trial on

> damage issues if such a determination proves unnecessary; (3) separate determination of liability may resolve various issues frustrating settlement of the cases and prevent the need for damage trials; and (4) bifurcation permits the efficient consolidation of identical issues for resolution at one time.

***In re Air Crash Disaster at Stapleton International Airport, Denver, Colorado, on Nov. 15, 1987***, 720 F.Supp. 1455, 1459 (D. Colo. 1988). Nevertheless, bifurcation is the exception, not the rule. **FED.R.CIV.P.** 42(b), Advisory Committee Notes (noting that "separation of issues for trial is not to be routinely ordered"). "[T]he presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." ***Patten v. Lederle Laboratories***, 676 F.Supp. 233, 238 (D. Utah 1987) (citation and internal quotation marks omitted).

Defendants have failed to meet that burden here. Their global, generalized arguments regarding the distinctiveness of the evidence that will be necessary to prove up liability and damages and the prospect of potentially reducing the length of the trial are utterly unconvincing. ***See Angelo v. Armstrong World Industries, Inc***., 11 F.3d 957, 964 (10th Cir. 1993) (noting that issues must be "clearly separable"). Instead, I agree with plaintiffs' assessment that, if anything, bifurcating the trial will create more delay, inconvenience, confusion, and prejudice than it will obviate.

**THEREFORE, IT IS ORDERED** that **Defendants' Joint Motion To Bifurcate Trial** [#204] filed February 13, 2009, is **DENIED**.

Dated March 16, 2009, at Denver, Colorado.

BY THE COURT:

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge