IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00081-REB-CBS

ERICA HOFFMAN,
GARY HOFFMAN, and
SANDRA HOFFMAN, individually,

    Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation, and
TRW AUTOMOTIVE SAFETY SYSTEMS, INC., a Delaware corporation,

    Defendants.

## ORDER PROVISIONALLY GRANTING DEFENDANT'S MOTION *IN LIMINE*

**Blackburn, J.**

The matter before me is **Defendant For Motor Company's Motion in Limine To Exclude Evidence of Other Claims and Lawsuits** [#202] filed February 10, 2009. Co-defendant TRW Vehicle Safety Systems, Inc., has joined in the motion. (*See* **Defendant TRW Vehicle Safety Systems Inc.'s Notice of Joining Defendant Ford Motor Company's Motion in Limine To Exclude Evidence of Other Claims and Lawsuits** [#203] filed February 11, 2009.) Based on my understanding of the nature of the exhibits in question, only one of which has been provided to the court at this time (*see* TRW's Joinder App., Exh. A (appending Trial Exhibit 159)), I provisionally grant the motion.

The motion *in limine* implicates eight exhibits sought to be admitted by plaintiff at the trial. These are described in the Parties Joint Exhibit List as:

- Exhibit 151: Ford's Listing of Lawsuits alleging seat belt unlatch;

- Exhibit 152: Ford's Listing of Customer Complaints alleging seat belt unlatch;

- Exhibit 159: Lawsuits alleging seat belt buckle unlatch produced by TRW;

- Exhibit 215: Plaintiffs' 30(b)(6) Deposition Notice re Ford Lawsuits and Non-Litigated Claims;

- Exhibit 216: Ford Motor Company List of Lawsuits;

- Exhibit 217: Ford Motor Company List of Non-Litigated Claims;

- Exhibit 232: Documents produced by Ford from other cases – Complaints, Discovery Responses, MORS[1] all contained in a CD marked Good Deposition Exhibit AA;

- Exhibit 244: Lawsuits and customer complaints produced by Ford.

Based on these descriptions and what I can glean from the briefs, it is my understanding that these documents comprise summaries or listings of customer complaints and lawsuits regarding instances of inertial unlatch involving the seatbelt that is at issue in this case.[2]

The parties have concentrated principally on whether the accidents and/or incidents of alleged inertial reflected in these exhibits meet the threshold test of

---

[1] "MORS" is the acronym for Ford's Master Owner Relations System.

[2] Trial Exhibit 159, which TRW appended to its notice of joinder in Ford's motion *in limine*, comprises a table listing 25 lawsuits filed against Ford and/or TRW implicating accidents in which inertial unlatch was alleged. The columns show variously, *inter alia*, the place and date of the accident, the make and model of the subject vehicle and buckle, the name of the claimants' attorney and court in which the suit was filed, and the ultimate disposition of the case. This information was ordered to be produced in discovery in response to plaintiffs' motion to compel. (*See* Order [#74] filed September 10, 2007.)

"substantial similarity."[3]  "In product liability actions, the occurrence of similar accidents or failures involving the same product has great impact on a jury, as it tends to make the existence of the defect more probable than it would be without the evidence.  In such actions, courts routinely permit the introduction of substantially similar acts to demonstrate notice, the existence of a defect, or to refute testimony given by defense witnesses."  *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992).[4]  The question whether the threshold of substantial similarity has been met is for the court to decide in the first instance.  *See Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408-09 (10th Cir. 1988); Fed.R.Evid. 104(a).  The decision to admit or exclude such evidence is reviewable solely for abuse of discretion.  *Four Corners Helicopters, Inc.*,  979 F.2d at 1440.

Assuming *arguendo* that the obvious hearsay objections could otherwise be overcome, the problem with this evidence is that the incidents reflected in the exhibits are different in kind from those contemplated by the decisions addressing the substantial similarity test.  Whether sought to be admitted as substantive evidence or to

---

[3]  The parties also dispute whether the exhibits, which clearly contain hearsay, are nevertheless admissible under the business records exception to the hearsay rule as codified in Fed.R.Evid. 803(6). Clearly, they are not.  *See Williams v. Remington Arms Co.*, 2008 WL 222496 at *9 -10  (N.D. Tex. 2008) (noting that evidence of customer complaints maintained by defendant was not admissible under the business records exception because "if . . . the supplier of the information does not act in the regular course [of business], an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail").

[4]  Interestingly, no party has addressed whether the exhibits are admissible under the standards of Fed.R.Evid. 404(b).  Because I find that the exhibits are not relevant, and because their submission does not pass muster under Rule 403, they are not admissible under Rule 404(b) either.  *See United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001) (noting that evidence is admissible under Rule 404(b) if it is offered for a proper purpose [under Rule 404(b)]; it is relevant [under Rule 401]; the probative value is not substantially outweighed by its potential for unfair prejudice [under Rule 403]; and a proper limiting instruction is given on request).

prove notice or for some other non-hearsay purpose, plaintiffs' exhibits do not describe accidents or investigations of accidents, as did the evidence in *Four Corners Helicopters*, but rather mere *allegations* of accidents. As such, they are not probative of the actual existence of a defect or notice of the existence of a defect. At best, they demonstrate nothing more than the existence of a *potential* defect, but such a fact is not relevant to any question the jury will be asked to determine in this lawsuit. **See Johnson v. Ford Motor Co.**, 988 F.2d 573, 579 (5th Cir. 1993); **Roberts v. Harnischfeger Corp.**, 901 F.2d 42, 44-45 (5th Cir. 1989); **Uitts v. General Motors Corp.**, 411 F.Supp. 1380, 1382 (E.D. Pa. 1974), **aff'd**, 513 F.2d 626 (3rd Cir. 1975) (Table). **See also In re Blech Securities Litigation**, 2003 WL 1610775 at *11 (S.D.N.Y. March 26 , 2003) (finding, in criminal securities fraud trial, that amended complaint from parallel civil proceeding was hearsay and "not evidence of anything other than the existence of an accusation"). Moreover, whatever marginal relevance these exhibits may have is clearly outweighed by the dangers of unfair prejudice, confusion of the issues, and waste of time their admission would entail. **See Bado-Santana v. Ford Motor Co.**, 364 F.Supp.2d 79, 87-88 (D. Puerto Rico 2005); *Uitts*, 411 F.Supp. at 1383; Fed.R.Evid. 403.[5]

For these reasons, and barring further development of the record at trial, I find and conclude that for now plaintiffs should be excluded from offering these exhibits at

---

[5] On the current record, the only arguable way in which these exhibits might be used at trial is for purposes of impeachment. **See Wheeler**, 862 F.2d at 1409 (noting that substantial similarity must still be shown if party intends to use evidence of prior incidents to impeach a witness). Without hazarding a guess as to the type of testimony that might open the door to the proper admission of such evidence, suffice it to say that I envision such circumstances as being exceedingly rare.

4

trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant For Motor Company's Motion in Limine To Exclude Evidence of Other Claims and Lawsuits** [#202] filed February 10, 2009, is **GRANTED** consistent with the foregoing findings and conclusions; and

2. That Trial Exhibits 151, 152, 159, 215, 216, 217, 232, and 244 are **EXCLUDED** for now from the trial of this case and shall not be offered in evidence before the jury unless by way of proper impeachment or pending further order of court.

Dated March 23, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge