IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00081-REB-CBS

ERICA HOFFMAN,
GARY HOFFMAN, and
SANDRA HOFFMAN, individually,

    Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation,
TRW VEHICLE SAFETY SYSTEMS, INC., a foreign corporation,

    Defendants.

## ORDER RE: OBJECTIONS TO DEPOSITION DESIGNATIONS

**Blackburn, J.**

The matters before me are (1) **Plaintiffs' Amended Objections to Defendants Ford Motor Company and TRW Vehicle Safety Systems, Inc.'s Designation of Deposition Testimony To Be Used at Trial and Counter Designations** [#222], filed March 5, 2009; (2) the objections asserted in **Defendant Ford Motor Company's Objections and Counter-Designations to Plaintiffs' Designation of Deposition Testimony of Richard Groh and William Ballard and Objections to the Deposition Testimony of Anne Erickson** [#239], filed March 11, 2009; and (3) the objections asserted in **Defendant Ford Motor Company's Response to Plaintiffs' Amended Deposition Designations** [#264], filed April 2, 2009.

On April 6, 2009, prior to the commencement of the trial, I convened a further Trial Preparation Conference to address, *inter alia*, the contentions of both parties that various witnesses whose deposition testimonies had been designated were not

"unavailable" as that term is defined by Fed.R.Civ.P. 32(a)(4). (**See Minute Order** [#265], filed April 3, 2009.) With the exception of Richard Groh, who the parties agree is too ill to attend the trial of this matter and therefore is truly unavailable, all the witnesses identified in plaintiffs' amended objections will appear at the trial to give live testimony. Accordingly, plaintiffs' objections to the designations of the deposition testimony of the witnesses identified in their submission [#222] are sustained.[1] Defendant's objection to the deposition testimony of Groh is overruled.

Defendant objects globally to the introduction of the deposition testimony of Anne Erickson, which goes solely to the issue of how defendant prepares and maintains lists of claims and lawsuits regarding alleged instances of inertial unlatch. I have already determined that this type of evidence is presumptively inadmissible. (**See Order Provisionally Granting Defendant's Motion *In Limine*** [#247], filed March 23, 2009.) Therefore, this objection is sustained.

At the court's request, both parties submitted deposition excerpts in support of their respective objections and counter-designations. Defendant's submission included a heretofore undisclosed list of objections and counter-designations to the testimony of Charles Steffens. The counter-designations as to Steffens' deposition testimony were not timely made, nor have its objections ever been properly filed on the court's docket. (*See* REB Civ. Practice Standard III.F.3 & III.F.4.) Given those circumstances, defendant has waived its objections to and right to offer counter-designations of

---

[1] Although plaintiffs did not object to the designations of the deposition of Troy Nuss, as he was in fact unavailable under the Rules, they confirmed at the Trial Preparation Conference that Nuss would testify live at the trial.

Steffens's deposition testimony, except as to the singular, properly filed objection asserted in **Defendant Ford Motor Company's Response to Plaintiffs' Amended Deposition Designations** [#264], filed April 2, 2009.

With respect to defendant's remaining objections, I rule as follows:

1. *Richard Groh* [#239]

| Item # | Page:line | Objection | Ruling |
|---|---|---|---|
| 1. | 4:18-9:6 | (a) FRE 402, 403<br>(b) FRE 701, 702 (9:2-9:6 only) | (a) Sustained in part as to 4:18-8:8; overruled as to 8:9-9:6<br>(b) Overruled |
| 2. | 9:13-11:2 | (a) FRE 402, 403<br>(b) FRE 701, 702 (9:13-9:20 only)<br>(c) FRE 610 (10:3-10:8 only) | (a) Overruled<br>(b) Overruled<br>(c) Overruled |
| 3. | 13:24 ("what appeared")<br>13:25 ("seat belt")<br>14:1 ("the strap") | FRE 701, 702 | Overruled |
| 4. | 14:3-14:4 ("came, what") | FRE 701, 702 | Overruled |
| 5. | 14:8-14:17 | FRE 701, 702 | Overruled |
| 6. | 16:1-16:7 | (a) FRE 701, 702<br>(b) FRE 802 | (a) Sustained<br>(b) Sustained |
| 7. | 16:14-16:23 | FRE 701, 702 | Sustained |
| 8. | 16:24-17:14 | (a) FRE 402, 403<br>(b) FRE 610 | (a) Overruled<br>(b) Overruled |
| 9. | 18:3-19:6 | (a) FRE 402, 403<br>(b) FRE 610 | (a) Overruled<br>(b) Overruled |
| 10. | 20:20-20:22 | (a) FRE 402, 403<br>(b) FRE 610 | (a) Overruled<br>(b) Overruled |

| 11. | 20:23-20:25 | FRE 402 | Overruled |
|---|---|---|---|
| 12. | 21:21-22:23 | (a) FRE 402, 403<br>(b) FRE 610 | (a) Overruled<br>(b) Overruled |
| 13. | 34:10-35:12 | (a) FRE 402, 403<br>(b) FRE 610<br>(c) FRE 802 | (a) Sustained<br>(b) Overruled<br>(c) Sustained |
| 14. | 37:10 ("and I was")<br>37:12 | (a) FRE 402, 403<br>(b) FRE 610 | (a) Overruled<br>(b) Overruled |
| 15. | 57:17-57:24 | FRE 701, 702 | Sustained |

2a. *William Ballard* [#239]

| Item # | Page:line | Objection | Ruling |
|---|---|---|---|
| 1. | 7:19-8:1 | FRE 401-403<br>(references to witness assisting Ford's Office of General Counsel in litigation matters irrelevant and unfairly prejudicial) | Sustained |
| 2. | 56:16-59:24 | (a) FRE 401-403<br>(b) Foundation<br>(European requirements not applicable to 1999 Mercury Cougar at issue; confusing to jury) | (a) Sustained<br>(b) Sustained |
| 3. | 71:18-73:3 | (a) FRE 401-403<br>(b) Foundation<br>(test documents from early 1960's not shown to apply to subject vehicle; confusing to jury) | (a) Sustained<br>(b) Sustained |
| 4. | 74:16-75:6 | (a) FRE 401-403<br>(b) Foundation<br>(test documents from early 1980's not shown to apply to subject vehicle; confusing to jury) | (a) Sustained<br>(b) Sustained |
| 5. | 80:18-80:20 | Designation includes question but not witness' answer at 80:21-80:25 | Sustained; witness's answer shall be included |

| Item # | Page:line | Objection | Ruling |
| --- | --- | --- | --- |
| 6. | 99:23-101:15 | (a) Hearsay<br>(b) Lack of foundation<br>(c) Argumentative<br>(regarding unidentified patents which allegedly prevent unlatching) | (a) Sustained<br>(b) Sustained<br>(c) Overruled |
| 7. | 102:8-106:12 | FRE 403<br>(fact that TRW was not <u>required</u> to meet certain internal Ford standards does not mean their buckles did not, in fact do so; misleading to jury) | Overruled |
| 8. | 134:23-135:22 | (a) FRE 401-403<br>(b) Foundation<br>(European requirements not applicable to 1999 Mercury Cougar at issue; confusing to jury) | (a) Sustained<br>(b) Sustained |
| 9. | 140:18-140:23 | (a) FRE 401-403<br>(b) Foundation<br>(argumentative, misleading) | (a) Sustained<br>(b) Sustained |
| 10. | 145:23-147:25 | FRE 403<br>(argumentative, lack of foundation, duplicative of prior questioning) | Sustained |

    2b. *William Ballard* [#264]

| Item # | Page:line | Objection | Ruling |
| --- | --- | --- | --- |
| 1. | 66:8-6:18 | Designated testimony includes question but not corresponding answer | Sustained; witness's answer shall be included |

3. *Jeffrey Jenkins* [#264]

| Item # | Page:line | Objection | Ruling |
|---|---|---|---|
| 1. | 37:3-37:10 | (a) Relevance<br>(b) Rule 403<br>(TRW's monitoring of patents alleging to eliminate inertial unlatch irrelevant, and misleading in that Ford has never contested the feasibility of such designs) | (a) Sustained[2]<br>(b) Sustained |
| 2. | 39:3-39:10 | (a) Relevance<br>(b) Rule 403<br>(TRW's monitoring of patents alleging to eliminate inertial unlatch irrelevant, and misleading in that Ford has never contested the feasibility of such designs) | (a) Sustained<br>(b) Sustained |
| 3. | 42:18-45:9 | (a) Relevance<br>(b) Rule 403<br>(TRW's monitoring of patents alleging to eliminate inertial unlatch irrelevant, and misleading in that Ford has never contested the feasibility of such designs) | (a) Sustained<br>(b) Sustained |
| 4. | 45:10-47:3 | (a) Lack of foundation<br>(b) Speculation | (a) Sustained<br>(b) Sustained |
| 5. | 47:11-48:12 | (a) Relevance<br>(b) Rule 403<br>(TRW's monitoring of patents alleging to eliminate inertial unlatch irrelevant, and misleading in that Ford has never contested the feasibility of such designs) | (a) Sustained<br>(b) Sustained |

---

[2] Although defendant has objected only to the question portion of this section of testimony but not to the witness's answer, the answer goes to the same irrelevant topics that will tend to confuse and mislead the jury and constitute an undue waste of trial time. For this reason, in addition to sustaining defendant's objection, I also will not allow the witness's answer (39:10-38:10) to be read to the jury.

| 6. | 49:24-50:18 | (a) Relevance<br>(b) Rule 403<br>(TRW's monitoring of patents alleging to eliminate inertial unlatch irrelevant, and misleading in that Ford has never contested the feasibility of such designs) | (a) Sustained<br>(b) Sustained |
| 7. | 51:8-51:14 | (a) Relevance<br>(b) Rule 403<br>(TRW's monitoring of patents alleging to eliminate inertial unlatch irrelevant, and misleading in that Ford has never contested the feasibility of such designs) | (a) Sustained<br>(b) Sustained |

    4. *Charles Steffens* [#264]

| Item # | Page:line | Objection | Ruling |
| --- | --- | --- | --- |
| 1. | 27:13-28:12 | (a) Hearsay<br>(b) Lack of foundation<br>(c) Relevance | (a) Sustained<br>(b) Sustained<br>(c) Sustained |

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Amended Objections to Defendants Ford Motor Company and TRW Vehicle Safety Systems, Inc.'s Designation of Deposition Testimony To Be Used at Trial and Counter Designations** [#222], filed March 5, 2009, are **SUSTAINED** as set forth in this Order;

2. That the objections asserted in **Defendant Ford Motor Company's Objections and Counter-Designations to Plaintiffs' Designation of Deposition Testimony of Richard Groh and William Ballard and Objections to the Deposition Testimony of Anne Erickson** [#239], filed March 11, 2009, are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth in this Order; and

3. That the objections asserted in **Defendant Ford Motor Company's Response to Plaintiffs' Amended Deposition Designations** [#264], filed April 2, 2009, are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth in this Order.

Dated April 6, 2009, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge