**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00081-REB-CBS

ERICA HOFFMAN, GARY HOFFMAN, and SANDRA HOFFMAN, individually,

    Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation,

    Defendant.

**ORDER DENYING FORD MOTOR COMPANY'S
MOTION FOR JUDGMENT AS A MATTER OF LAW
AND DIRECTING ENTRY OF JUDGMENT ON JURY'S VERDICT**

**Blackburn, J.**

    The matter before me is **Ford Motor Company's Motion for Judgment as a Matter of Law** [#296] filed May 28, 2009.  I deny the motion.

    This case was tried to a jury from April 6-20, 2009.  Defendant renewed its prior motion for judgment as a matter of law under Fed.R.Civ.P. 50(a) at the close of the evidence.  I took the matter under advisement and submitted the case to the jury.  On April 28, 2009, the jury returned a verdict for plaintiffs on their strict liability and negligence claims and apportioned fault to defendant of twenty-five percent (25%).  The instant motion comprises the written memorialization of defendant's oral post-evidentiary motion and is now ripe for determination.

    A renewed motion for judgment as a matter of law post-verdict is determined under the same standards that govern resolution of a post-evidentiary motion for judgment as a matter of law under Fed.R.Civ.P. 50(a).  The "standard for granting

summary judgment mirrors the standard for judgment as a matter law, such that 'the inquiry under each is the same.'" **Reeves v. Sanderson Plumbing Products, Inc.**, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (quoting **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250-251, 106 S.Ct. 2505, 2511, 1 L.Ed.2d 202 (1986)).

Motions under this rule "should be cautiously and sparingly granted." **Lucas v. Dover Corp.**, 857 F.2d 1397, 1400 (10th Cir. 1988) (citations omitted). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." **Reeves**, 120 S.Ct. at 2110. I cannot pass judgment on the credibility of witnesses or substitute my judgment for that of the jury. **Id.**; **see also Hinds v. General Motors Corp.**, 988 F.2d 1039, 1045 (10th Cir. 1993).

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

**Reeves**, 120 S.Ct. at 2110 (quoting 9A C. Wright & A. Miller, **Federal Practice and Procedure** § 2529 at 300 (2nd ed. 1995)). Judgment as a matter of law is appropriate "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." **Hinds**, 988 F.2d at 1045.

Having considered all the relevant evidence, both direct and circumstantial, and having applied the foregoing principles and standards of analysis to the existing

evidentiary record, I conclude that defendant is not entitled to judgment as a matter of law. None of the evidence is incredible as a matter of law, and there was a legally sufficient evidentiary basis for a reasonable jury to find in favor of plaintiffs on each essential element of their claims for strict liability for sale of a defective product and for negligence.

Alternatively, defendant moves for a new trial, claiming that the testimony of plaintiffs' expert, Dr. Craig Good, was improperly admitted into evidence.[1] Essentially, defendant requests reconsideration of my prior order denying its motion to exclude Dr. Good's expert testimony. (*See* **Order Denying Rule 702 Motions** [#240], filed March 16, 2009.) The bases for granting a motion to reconsider are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Defendant has not even bothered to quote this standard, let alone attempted to demonstrate that any of these circumstances pertains. Instead, its motion does little more than rehash arguments and evidence I previously found insufficient to justify the exclusion of Dr. Good's testimony. Accordingly, its motion for new trial likewise will be denied.

---

[1] Although defendant purports to bring the motion pursuant to Fed.R.Civ.P. 59, that rule technically is inapplicable, as judgment has not yet entered.

**THEREFORE, IT IS ORDERED** that **Ford Motor Company's Motion for Judgment as a Matter of Law** [#296] filed May 28, 2009, is **DENIED**.

Dated October 20, 2009, at Denver, Colorado.

BY THE COURT:

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge