**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00081-REB-CBS

ERICA HOFFMAN, GARY HOFFMAN, and SANDRA HOFFMAN, individually,

    Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation,

    Defendant.

## ORDER FOR JUDGMENT

**Blackburn, J.**

    This matter was tried to a jury from April 6 - 20, 2009. On April 28, 2009, the jury returned a verdict in favor of plaintiffs on their strict liability and negligence claims and awarded plaintiff, Erica Hoffman, $15,000,000 in economic damages, $1,500,000 in non-economic damages, and $1,500,000 in damages for physical impairment and disfigurement. Her parents, plaintiffs Sandra and Gary Hoffman, were awarded $30,000 in economic damages. (*See* **Special Verdict Form** at 3-4, Questions 5-7 [#289-2], filed April 28, 2009.) The jury was asked to apportion fault between defendant, TRW Vehicle Safety Systems, Inc., Shannon Cvancara (the driver of the car), and plaintiff. Defendant was found liable for twenty-five percent (25%) of the total damages. (*Id.* at 3, Question 4d.)

    By my subsequent **Order Directing Submission of Proposed Judgment** [#319], entered November 24, 2009, I established procedures for the parties to submit their proposed forms of judgment and briefs in support. The parties filed timely

responses to that order. Having reviewed the briefs, it appears that the only substantive difference of opinion between the parties regarding the form of judgment is whether Erica Hoffman's non-economic damages may be increased above the statutory cap on such awards to an amount more than defendant's pro rata share of liability. I find that they may not, but conclude that clear and convincing evidence supports an award above the statutory cap up to defendant's pro rata share of liability, or $375,000.

In reaching this determination, I do not write on an entirely clean slate. In **General Electric Co. v. Niemet**, 866 P.2d 1361 (Colo. 1994), the Colorado Supreme Court considered the intersection between Colorado's pro rata liability statute, §13-21-111.5, C.R.S., and its statutory cap on non-economic damage awards, §13-21-102.5, C.R.S. The latter statute was enacted in 1986 as part of a legislative tort reform effort designed "to reduce unfair burdens placed on defendants." **See Niemet**, 866 P.2d at 1364. **See also** §13-21-102.5(1), C.R.S. ("The general assembly finds, determines, and declares that awards in civil actions for noneconomic losses or injuries often unduly burden the economic, commercial, and personal welfare of persons in this state; therefore, for the protection of the public peace, health, and welfare, the general assembly enacts this section placing monetary limitations on such damages for noneconomic losses or injuries."). To that end the statute provides, in relevant part, that damages for non-economic losses attributable to claims that accrue on or after January 1, 1998, but before January 1, 2008, are capped at $366,250. **See** §13-21-102.5(3)(a) & (c)(I) & n.1, C.R.S. However, if the court finds by clear and convincing evidence that there is justification, the statute permits non-economic damages to be increased, up to

double the statutory cap, or $732,500. §13-21-102.5(3)(a) & n.1, C.R.S. **See also Niemet**, 866 P.2d at 1364-66 (recounting legislative history of the statute).

There is no doubt in this court's mind, and defendant does not even contest, that this case presents the type of exceptional circumstance in which affording damages beyond the statutory cap is plainly warranted. As recounted in plaintiffs' brief in support of their proposed form of judgment and explicated more fully in the transcript of the trial itself, Erica Hoffman suffered incredibly grievous and profound injuries as a result of the rollover accident that forms the basis of her claims against defendant. Only a teenager when she was rendered a tetraplegic, Erica will never be able to live or care for herself independently. The personal difficulties and indignities attendant on having to have her most basic and intimate needs attended to by someone else were recounted in excruciating detail during the trial. In addition, the ambit of her world has shrunken to the parameters of her parents home, where the majority of her time is spent watching television or on the computer. Her plans for college and dreams of some day having a family of her own have evanesced, and her life expectancy has been appreciably truncated by her injuries. I, therefore, find, by clear and convincing evidence, that this case presents an appropriate opportunity to exceed the cap on non-economic damages contemplated by §13-21-102.5, C.R.S.

Nevertheless, my finding in this regard only begs the question of the extent to which the cap permissibly may be exceeded in this case. In **Niemet**, the court examined the nexus between the pro rata liability statute and the damages cap. It held that the cap must be applied to each defendant's pro rata share of liability for the whole

3

of a plaintiff's damages, rather than acting as a cap on the total amount the plaintiff may recover. *Niemet*, 866 P.2d at 1367-68. Although *Niemet* did not directly address the issue presented here, I find that the logic of the interplay between the two statutes explicated in that decision dictates that a defendant cannot be held liable for more than its pro rata share of damages even where it is permissible to exceed the damages cap.[1]

It is important first to note that §13-21-102.5, C.R.S., does not *require* the court, having found by clear and convincing evidence that an increase above the cap is warranted, automatically to double the amount awarded. Instead, the court has discretion in determining how much of an increase is appropriate in any given case. This type of flexibility accords with the expressed intent of the legislature to allow courts to take into account individual circumstances in determining whether to exceed the cap. *See id.* at 1364-66. The pro rata liability statute, on the other hand, has no such inherent flexibility. That statute plainly and unequivocally does not allow the court to apportion to a defendant more than its own degree of fault.[2] *See* §13-21-111.5(1), C.R.S. Thus, the discretion of §13-21-102.5 is bounded by the requirements §13-21-111.5, and I cannot use the former to nullify the latter.

I, thus, find and conclude that Erica Hoffman is entitled to an award of non-economic damages in the amount of $375,000, which represents defendant's apportioned share of liability for the totality of such enhanced damages. Defendant

---

[1] Although not directly on point, I find it telling that the *Niemet* court, in affirming the lower court's decision increasing the amount of damages up to the defendant's pro rata share of liability, noted that "[b]ecause the amount of [defendant's] liability was less than [the statutory cap], the court did not apply the statutory cap." *Niemet*, 866 P.2d at 1363.

[2] The limited exception to this prohibition is inapplicable here. *See* §13-21-111.5(4), C.R.S.

4

does not contest the remainder of **Plaintiff's Proposed Form of Judgment** [#320-6], filed December 12, 2009, and I, therefore, adopt and incorporate it to that extent.

**THEREFORE, IT IS ORDERED** as follows:

1. That judgment **SHALL ENTER** on behalf of plaintiffs, Erica Hoffman, Gary Hoffman, and Sandra Hoffman, and against defendant, Ford Motor Company, on the jury's verdict as to plaintiffs' claims for strict liability and negligence;

2. That plaintiff Erica Hoffman is **AWARDED** damages as follows:

    a. $3,750,000.00 in damages attributable to economic losses;

    b. $375,000.00 in damages attributable to physical impairment or disfigurement;

    c. $375,000.00 in damages attributable to non-economic losses;

3. That plaintiffs Gary Hoffman and Sandra Hoffman are **AWARDED** $7,500.00 in damages attributable to their economic losses;

4. That plaintiffs are **AWARDED** interest as follows:

    a. Pre-judgment interest calculated as simple interest at the rate of nine percent (9%) annually from March 14, 2006 (the date of accident) to January 12, 2007;

    b. Pre-judgment interest at the rate of nine percent (9%) compounded annually from January 13, 2007, to the date judgment is entered;

    c. Post-judgment interest from the date of entry of the judgment until the judgment is paid, as prescribed by 28 U.S.C. §1961(a); and

5. That plaintiffs are **AWARDED** their costs, to be taxed by the Clerk of the

Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 4, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge